1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
   ALEX G. TSE (CSBN 152348)
3  Chief, Civil Division

4  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
5
        450 Golden Gate Ave. 9th Floor
6       San Francisco, CA 94102
        Telephone:    (415) 436-7200
7       Facsimile:    (415) 436-6748
        Email: neill.tseng@usdoj.gov
8
   Attorneys for Federal Defendants
9  Petaluma Valley Hospital and
   Fasih Hameed, M.D.

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13 
   A.M., a minor by and through his Guardian Ad )  **Case No.**
14 Litem; MARY MCQUINN; and MICHAEL        )
   MCQUINN;                                )
15                                         )
                        Plaintiffs,        )
16                                         )  **NOTICE OF REMOVAL OF CIVIL ACTION**
                   v.                      )
17                                         )
   PETALUMA VALLEY HOSPITAL; ST.           )
18 JOSEPH HEALTH SYSTEM; ST. JOSEPH        )
   HEALTH SYSTEM, DBA PETALUMA             )
19 VALLEY HOSPITAL; FASIH HAMEED, MD;      )
   ANTHONY KOSINSKI MD; JULIE DIANE        )
20 CLARK, MD; VICTORIA ANQUE-              )
   CABEZAS, RN; PAMELA ANN KOCH, RN;       )
21 VICTORIA LASS, RN; S. MASTERSON, RN;    )
   DOES 1 through 20, inclusive,           )
22                                         )
                   Defendants.             )
23 _____)

24

25
   **Superior Court of Sonoma County,**          **See Proof of Service for Service List**
26 **Hall of Justice**
   **600 Administration Drive, Room 107J**
27 **Santa Rosa. CA 95403**

28
   **NOTICE OF REMOVAL**
   **A.M., a minor, McQuinn v. Petaluma Valley Hosp. et al**
   **C**
                                1

1    PLEASE TAKE NOTICE that on this day case no. SCV 254872 pending before the Sonoma

2    County Superior Court, Hall of Justice, Civil Unlimited Jurisdiction is being removed to the United

3    States District Court for the Northern District of California pursuant to 28 U.S.C. § 1442 on behalf of

4    federal defendants Petaluma Valley Hospital ("PVH") and Fasih Hameed, M.D. ("Hameed"). Upon

5    direction by the Attorney General of the United States and pursuant to 28 U.S.C. § 1446, the

6    undersigned attorneys hereby present the following facts to the Judges of the United States District

7    Court for the Northern District of California.

8

9    1. On January 14, 2014, plaintiff A.M., a minor by and through his Guardian Ad Litem, Mary

10   McQuinn and Michael McQuinn, filed a summons and complaint in the Sonoma County Superior Court.

11   The complaint was filed against defendants PVH et al. Plaintiff alleged that between March 2012 and

12   October 2012, defendant Hameed failed to properly diagnose and treat his mother, plaintiff Mary

13   McQuinn, during prenatal care and delivery. As a result, plaintiff A.M. alleged that he sustained

14   permanent and severe brain damage to all cortexes of his brain. (See Exhibit 1 – summons and

15   complaint).

16

17   2. On August 22, 2014, the United States Attorney's Office received notification from the

18   Department of Health and Human Services ("DHHS") regarding this pending lawsuit. The summons

19   and complaint filed in the Sonoma County Superior Court, Hall of Justice, Civil Unlimited Jurisdiction

20   has not been served on the United States Attorney's Office as required by Rule 4(i)(1)(A)(i)(ii), Fed. R.

21   Civ. P.

22

23   3. This action must be removed to the federal district court because this action is against a

24   federally supported health center and a health center doctor. Pursuant to the Federal Tort Claims Act

25   ("FTCA") and the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), Petaluma

26   Health Centers are deemed eligible for FTCA malpractice coverage and its employees are covered under

27   the FTCA on January 1, 2012. Further, Fasih Hameed, M.D. is an employee of the health center and

28

**NOTICE OF REMOVAL**
**A.M., a minor, McQuinn v. Petaluma Valley Hosp. et al**
**C**

1    was acting within the scope of his employment at all times material to such alleged incidents.  (See

2    Certification of A. Tse).

3        4.  Upon certification by the Attorney General, this action shall be removed to the District Court

4    any time prior to trial.  Pursuant to written delegation from Melinda Haag, the duly appointed United

5    States Attorney for the Northern District of California, the Chief of the Civil Division has been

6    authorized to exercise on behalf of the United States Attorney the authority vested in him by the

7    Attorney General, pursuant to 28 C.F.R. § 15.4.  The Chief of the Civil Division has certified that Fasih

8    Hameed, M.D. was acting within the course and scope of his employment with PVH, which is deemed

9    eligible for FTCA malpractice coverage.  *See* Certification Pursuant to 28 U.S.C. § 2679(d).  This

10   certification is conclusive for purposes of removal.  28 U.S.C. § 2679(d)(2).

11       5.  Upon removal the United States is automatically substituted for federal defendants PVH and

12   Hameed and this action will proceed as an action against the United States of America pursuant to 28

13   U.S.C. § 1442.

14       6.  This action is one arising under the Constitution and Laws of the United States, and it is

15   therefore an action over which the District Courts of the United States have original jurisdiction.  A civil

16   action in state court seeking damages from federal officials for acts taken under color of federal office

17   may be removed to federal court provided that the defendant has a colorable federal defense or can

18   otherwise articulate a connection between the performance of his duties and the acts or omissions

19   alleged. See 28 U.S.C. § 1331.  It is removable to this court pursuant to 28 U.S.C. § 1441(a), (b) (1988).

20       7.  A federal defendant removing under Section 1442 must demonstrate three things - that it is a

21   "person" within the meaning of the statute, that there is a "casual nexus" between its actions and

22   plaintiff's claim, and that it can assert a "colorable federal defense." *Durham v. Lockheed, 445 F.3d*

23   *1247, 1251 (9th Cir. 2006)*.  Here, the federal defendant has met the three-part test for removal set forth

24   in Durham.  Moreover, with respect to the third requirement, "colorable" is interpreted broadly because

25   "one of the most important reasons for removal is to have the validity of the defense of official

26   immunity tried in a federal court." *Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999)*.

28

**NOTICE OF REMOVAL**
**A.M., a minor, McQuinn v. Petaluma Valley Hosp. et al**
**C**

1     8.  A copy of this Notice is being filed with the Clerk of the Sonoma County Superior Court.

2 This filing will automatically effect the removal action described above in its entirety to this Court for

3 all future proceedings pursuant to 28 U.S.C. § 1446(d).

4

5

6                               Respectfully submitted,

7                               MELINDA HAAG
                              United States Attorney

8 Dated: August 29, 2014

9                               NEILL T. TSENG
                              Attorneys for Federal Defendants

10                               Petaluma Valley Hospital and
                              Fasih Hameed, M.D.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**
**A.M., a minor, McQuinn v. Petaluma Valley Hosp. et al**
**C**

4

# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ENDORSED**
**FILED**

**FEB 14 2014**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SONOMA**

**NOTICE TO DEFENDANT:** PETALUMA VALLEY HOSPITAL; ST.
*(AVISO AL DEMANDADO):* JOSEPH HEALTH SYSTEM; ST. JOSEPH
HEALTH SYSTEM, DBA PETALUMA VALLEY HOSPITAL; WASH
KOMERD, M.D.; ANTHONY ROBINSKI, M.D.; JULIE DIANE
CLARK, M.D.; VICTORIA ANQUE-CABEZAS, R.N.; PAMELA ANN
KOCH, R.N.; VICTORIA LASS, R.N.; S. MASTERSON, R.N.;
and DOES 1 - 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** A_____ M_____, a minor
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* by and through his
Guardian Ad Litem; MARY McQUINN; and MICHAEL McQUINN.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* SCV 254872

Superior Court of Sonoma
600 Administration Drive

Santa Rosa 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Theo J. Emison (SBN 209183)                415-434-2112
Emison Hullverson LLP.
1005 Sansome Street, Suite 330                GRISELDA ZAVALA
San Francisco, CA 94111

DATE:                                        Clerk, by                         , Deputy
*(Fecha):* FEB 14 2014    JOSE O. GUILLEN    *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>—Thad J. Emison (SBN 209183)<br>Emison Hullverson LLP<br>1005 Sansome Street, Suite 330<br><br>San Francisco, CA 94111<br>TELEPHONE NO.: 415-434-2111 FAX NO.: 415-434-2112<br>ATTORNEY FOR (Name): Plaintiff<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma<br>STREET ADDRESS: 600 Administration Drive<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Rosa 95403<br>BRANCH NAME: | FOR COURT USE ONLY<br><br>**ENDORSED<br>FILED**<br><br>JAN 1 4 2014<br><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SONOMA |

| CASE NAME:<br>McQuinn v. Petaluma Valley Hospital, et. al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | SCV254872<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09) | (Cal. Rules of Court, rules 3.400–3.403)<br>[ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[x] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | Real Property<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | Unlawful Detainer<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>Judicial Review<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20)<br>Miscellaneous Civil Complaint<br>[ ] RICO (27)<br>[ ] Other complaint (not specified above) (42)<br>Miscellaneous Civil Petition<br>[ ] Partnership and corporate governance (21) |
| Employment<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Other petition (not specified above) (43) |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Five [Med Neg–Alden; Med Neg/MIED–Mary; Med Neg/MIED Michael; LOC–Mary, LOC Michael]
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: January 14, 2014
Thad J. Emison (SBN 209183)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10



RECEIVED
JAN 1 7 2014

ENDORSED
FILED
JAN 1 4 2014
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

1  THEO J. EMISON (SBN: 209183);
   EMISON HULLVERSON LLP
2  1005 Sansome St., Suite 330
   San Francisco, CA 94111
3  Tel: (415) 434-2111
4  Fax: (415) 434-2112
5  Attorneys for Plaintiffs                                    P

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SONOMA

10

11  ████ M████ a minor by and through his        Case No.:  SCV254872
    Guardian Ad Litem;
12  MARY McQUINN; and                             COMPLAINT FOR DAMAGES FOR:
13  MICHAEL McQUINN;
                                                  1. ████ ████ GENCE:
14              Plaintiffs,                           M████

15      vs.                                       2. MEDICAL NEGLIGENCE / NIED:
                                                     MARY McQUINN
16  PETALUMA VALLEY HOSPITAL;
    ST. JOSEPH HEALTH SYSTEM;                     3. MEDICAL NEGLIGENCE / NIED:
17  ST. JOSEPH HEALTH SYSTEM, DBA                    MICHAEL McQUINN
    PETALUMA VALLEY HOSPITAL;
18  FASIH HAMEED, M.D.;                           4. LOSS OF CONSORTIUM:
19  ANTHONY KOSINSKI, M.D.;                          MARY McQUINN
    JULIE DIANE CLARK, M.D.;
20  VICTORIA ANQUE-CABEZAS, R.N.;                 5. LOSS OF CONSORTIUM:
    PAMELA ANN KOCH, R.N.;                           MICHAEL McQUINN
21  VICTORIA LASS, R.N.;
22  S. MASTERSON, R.N.; and                       JURY TRIAL DEMANDED
    DOES 1 -20, inclusive;
23  ──────────────────────────
    Defendants.
24

25      Plaintiffs A████ M████, a minor by and through his Guardian Ad Litem, MARY

26  McQUINN, and MICHAEL McQUINN (collectively, "Plaintiffs") allege as follows:

27                              PARTIES

28      1.  Plaintiff A████ M████ is a minor and resides with his parents in the City of Petaluma,

                                    1
                              COMPLAINT



1   County of Sonoma, State of California. An application will be made to appoint a Guardian Ad

2   Litem for Plaintiff A███ M███ A███ date of birth is ███████████

3      2.  Plaintiffs Mary McQuinn and Michael McQuinn reside in the City of Petaluma, County

4   of Sonoma, State of California. At all relevant times, Mary and Michael were, and presently are,

5   married. Mary and Michael are A███ parents and are responsible for his care.

6      3.  At all relevant times, defendants Petaluma Valley Hospital, St. Joseph Health System,

7   and St. Joseph Health System DBA Petaluma Valley Hospital, were and now are business

8   organizations engaged, in the County of Sonoma, State of California, in the business of owning,

9   operating, and maintaining medical centers, health care facilities, and/or hospitals and employing

10  physicians, surgeons, nurses and other health care providers practicing their profession at said

11  hospital.

12     4.  At all relevant times, defendants Fasih Hameed, M.D., Anthony Kosinski, M.D., and

13  Julie Diane Clark, M.D., were and now are physicians engaged in the practice of medicine in the

14  County of Sonoma, State of California.

15     5.  At all relevant times, defendants Victoria Anque-Cabezas, R.N., Pamela Ann Koch, R.N.,

16  Victoria Lass, R.N., and S. Masterson, R.N., were and now are registered nurses engaged in the

17  practice of nursing in the County of Sonoma, State of California.

18     6.  Plaintiffs are unaware of the true names and capacities of the defendants sued herein as

19  DOES 1 – 20, inclusive, and therefore sue these defendants by such fictitious names pursuant to

20  Code of Civil Procedure Secti    474. Plaintiffs will amend this Complaint to allege their true

21  names and capacities when ascertained.

22     7.  Reference to "DEFENDANT" or "DEFENDANTS" shall refer individually and

23  collectively to each and every specifically and fictitiously named defendant.

24     8.  Plaintiffs are informed and believe, and on that basis allege, that at all relevant times,

25  each and every DEFENDANT was the actual or ostensible authorized agent or agent by

26  ratification, principal, servant, master, permittee, employee, employer, partner, alter ego, or joint

27  venturer of, and/or was working in concert with, each and every other DEFENDANT, and in

28  doing the things alleged, each and every DEFENDANT was acting within the course and scope

Emison Hulvermann LLP
ATTORNEYS AT LAW

2
COMPLAINT

1   of such agency, permission, employment, partnership, concerted activity, and/or other
2   relationship. To the extent certain acts and/or omissions were perpetrated by certain
3   defendant(s), each and every other DEFENDANT authorized, consented to, confirmed,
4   controlled and/or ratified each and every such act and/or omission.

5      9. Plaintiffs are informed and believe, and on that basis allege, that each and every
6   DEFENDANT is responsible, negligently, intentionally, or in some other actionable manner, for
7   the events and happenings referred to herein, that each Plaintiff's damages were directly and
8   proximately caused by each and every DEFENDANT, that the damages are within the
9   jurisdictional limits of this Court, and that Plaintiffs are entitled to the relief requested herein
10   against each and every DEFENDANT.

11               **TIMELINESS OF THE COMPLAINT**

12      10. Plaintiff A███ M█████ first suffered appreciable harm on the day of his birth ███████
13  ███████ The filing of this Complaint within three years of that date and well before his eighth
14   birthday satisfies the statute of limitations set forth in CCP Section 340.5. With respect to A████
15   M█████, this Complaint is timely filed.

16      11. Within 90 days of the expiration of the relevant statute of limitation that governs Plaintiff
17   Mary McQuinn's and Michael McQuinn's respective claims, Plaintiffs caused to be sent
18   appropriate notices pursuant to the provision of CCP Section 364 to DEFENDANTS and/or their
19   authorized agents. In accord with relevant case law, the sending of such notices operated to
20   extend the statute of limitations set forth in CCP Section 340.5. This Complaint is timely filed
21   within the time prescribed by law after the sending of such notices.

22           **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

23      12. Beginning in March 2012, and continuing through and including the date of A████
24   M█████s birth on ███████ Mary McQuinn was a patient of DEFENDANTS and
25   consulted with, employed, and contracted with DEFENDANTS to provide all medical diagnosis,
26   care, and treatment to Mary and A████ M█████ in connection with Mary's pregnancy with, and
27   labor and delivery of, A████

28      13. Pursuant to that physician-patient relationship, employment, and contract, at all relevant

Emison Hullverson LLP
ATTORNEYS AT LAW

3
COMPLAINT

1   times, DEFENDANTS undertook to provide for consideration, and were obligated to provide, all

2   medical diagnosis, care and treatment to Mary and A███ M██████ consistent with the

3   applicable standards of care necessary to maximize the protection of both Mary McQuinn and

4   her unborn child, A███ M█████ and to maximize the possibility that A██ M█████ would

5   be born without avoidable injury.

6       14. At all relevant times DEFENDANTS negligently failed to exercise the proper degree of

7   skill, knowledge and care in their medical diagnosis, care and treatment of Mary and A████

8   M██████

9       15. Specifically, and without limitation, at around 4:30 a.m., on ████████ Mary

10  McQuinn arrived at Petaluma Valley Hospital in labor. Fetal monitoring was connected to

11  monitor Mary's unborn son, A███ M██████ At or before 5:30 a.m., the fetal monitoring

12  reflected that A███ was in severe distress and that an emergency cesarean was necessary. The

13  severity of A████ distress, however, was initially misread as less severe than it in fact was.

14  That negligent interpretation of A████ distress level caused unnecessary and avoidable delay in

15  the performance of a cesarean.

16      16. Roughly 20 minutes later, at about 5:50 a.m., as A███ level of distress remained

17  severe, the Petaluma Valley Hospital nurse staff informed the attending doctor, defendant Dr.

18  Hameed, that he needed to call for a stat (i.e., emergency) cesarean. As stated in the medical

19  record:

20

21          5:30 a.m.: "Encouraged Dr. Hameed to call for c/s [i.e., a
            cesarean], my thoughts were abruption. [...] I explained that I
22          thought as soon as Dr. Kosinski arrived he would call a stat c/s."

23

24      17. Despite the nursing staff's urging that Dr. Hameed call for a cesarean, Dr. Hameed did

25  not do so, causing additional, unnecessary and avoidable delay.

26      18. Thirty minutes later, at about 6:00a.m., the nursing notes reflect that the nurse got tired of

27  waiting for Dr. Hameed to call Dr. Kosinski and undertook to do so herself:

28  ///

4
COMPLAINT

1     *6:00 a.m.:* *"After paging Dr. Kosinski to find out his ETA, he*
2     *stated he didn't know about this patient. I handed the phone to Dr.*
    *Hameed and they spoke. At that time Dr. Clark arrived on the unit*
3     *to see her own patients and Dr. Hameed consulted with her. C/S*
    *was called and patient was consented. [...] Pt [i.e., patient] being*
4     *educated about possible C/S by Dr. Hameed. Awaiting arrival of*
    *Dr. Kosinski. [...] Called for Respitory [sic] and Pedi to stand by*
5     *for urgent C/S."*

6     19. Despite this clear indication that a cesarean was ordered by physicians at Petaluma

7 Valley Hospital at 6:00a.m., for reasons not known at this time, Mary still was not taken for

8 cesarean, causing yet more unnecessary and avoidable delay.

9     20. Ten minutes later, the nurses paged Dr. Kosinski yet again to determine his ETA for the

10 urgent cesarean:

11

12     *6:10a.m.: "I paged Dr. Kosinski to determine ETA."*

13     21. Five minutes later, at 6:15a.m., there still was no progress towards a cesarean:

14

15     *6:15a.m.: "RN started IVF to give IV bolus. Dr. Hameed informed*
    *to call Dr. Kosinski. To review strip and be here for possible*
16     *c/section."*

17     22. Fifteen minutes later, at 6:30a.m., A█████ was still in severe distress. Yet still no progress

18 had been made towards a cesarean. The staff nurse again instructed Dr. Hameed to take action –

19 to call Dr. Kosinski in for the cesarean. Dr. Hameed responded with a shocking statement in

20 light of the severe and deteriorating distress of Mary's unborn son A█████

21

22     *6:30a.m.: "RN Anque-Cabezas told Dr. Hameed need to call Dr.*
    *Kosinski in for possible C/S. Dr. Hameed said he does not want*
23     *to bother him"*

24     23. After another fifteen minutes, at 6:45a.m., the nurse was still urging Dr. Hameed to take

25 action – to call Dr. Kosinski in to perform a cesarean:

26     *6:45a.m.: "RN Anque asked Dr. Hameed to place FSE to monitor*
27     *FHR better at that time more clear fluid came out but FSE not on.*
    *I asked him to call Dr. Kosinski in or somebody that can do*
28     *surgery."*

5
COMPLAINT

1  24. Yet as late as 7:00a.m., the records reflect Dr. Kosinski was still not on scene.  At that
2  time, the records reflect that Dr. Clark returned to Mary's bedside and at last took Mary in for
3  cesarean around 7:15a.m.

4  25. In sum, more than two and a half hours passed from the time a cesarean became
5  necessary to the time a cesarean was actually performed.  DEFENDANTS' negligence caused
6  that inexcusable, unnecessary and avoidable delay.

7  26. DEFENDANTS' negligence includes, but is not limited to: (i) failing to timely recognize
8  the need for an emergency cesarean; (ii) failing to timely perform an emergency cesarean; and
9  (iii) refusing to timely call qualified physicians to the hospital to perform the emergency
10  cesarean.;

11  **FIRST CAUSE OF ACTION**
12  **MEDICAL NEGLIGENCE**
13  [Plaintiff A█ M█ against all DEFENDANTS]

14  27. Plaintiff A█ M█ re-alleges and incorporates by this reference all preceding
15  paragraphs of this Complaint as though set forth here in their entirety.

16  28. Based on the foregoing, DEFENDANTS owed a duty to A█ M█ to use the
17  proper degree of skill, knowledge and care in their medical diagnosis, care and treatment of
18  Mary and A█ M█ in connection with Mary's pregnancy with, and labor and delivery of,
19  A█

20  29. Based on the foregoing, DEFENDANTS negligently breached the duty of care they owed
21  to A█ M█

22  30. DEFENDANTS' negligence was a substantial factor in causing harm to A█ M█

23  31. Specifically, and without limitation, as a direct and proximate result of DEFENDANTS'
24  negligent acts, conduct, and omissions:

25  a.  Plaintiff A█ M█ suffered permanent, severe and avoidable physical,
26  neurological, and emotional injuries, including but not limited to severe brain damage to all
27  cortexes of his brain;

28  b.  A█ M█ has incurred, and will continue to incur, all past and future

6
COMPLAINT

1  economic damages allowed by law in amounts according to proof at trial, including but not
2  limited to: (i) past and future medical and related expenses for physicians, surgeons, hospital
3  care, and other medical services and supplies, (ii) past and future expenses for specialized
4  education, teaching, training, cognitive and developmental therapies, psychological care, and
5  home care, and (iii) future economic damages for lost earning capacity and loss of ability to
6  provide household services; and

7       c. Plaintiff A███ M███ has incurred and will continue to incur all past and
8  future non-economic damages allowed by law in amounts according to proof at trial, including
9  but not limited to past and future damages for physical pain, mental anguish and emotional
10  distress, frustration, annoyance, anger, fear, worry, embarrassment, discomfort, and loss of
11  enjoyment of life.

12  

**SECOND CAUSE OF ACTION**
13  **MEDICAL NEGLIGENCE: NIED**
14  [Plaintiff Mary McQuinn against all DEFENDANTS]

15      32. Plaintiff Mary McQuinn re-alleges and incorporates by this reference all preceding
16  paragraphs of this Complaint as though set forth here in their entirety.

17      33. Because of the physical and emotional connection between Mary McQuinn and her
18  unborn son, A███ M███ DEFENDANTS knew, or should have known, that negligence
19  causing physical injury to A███ would also cause severe mental and emotional injury, distress,
20  and suffering to Mary.

21      34. Based on the foregoing, DEFENDANTS owed a duty to Mary McQuinn to use the
22  proper degree of skill, knowledge and care in their medical diagnosis, care and treatment of
23  Mary and A███ M███ in connection with Mary's pregnancy with, and labor and delivery of,
24  A███ to avoid negligently inflicting physical injury upon A███ and thereby avoid negligently
25  inflicting emotional injury on Mary.

26      35. Based on the foregoing, DEFENDANTS negligently breached the duty of care they owed
27  to Mary McQuinn.

28      36. DEFENDANTS' negligence was a substantial factor in causing harm to Mary McQuinn.

7
COMPLAINT

1    37. Specifically, and without limitation, as a direct and proximate result of DEFENDANTS'

2    negligent acts, conduct, and omissions:

3         a.   Mary McQuinn suffered and continues to suffer severe emotional distress;

4         b.   Mary McQuinn has incurred, and will continue to incur, all past and future

5    economic damages allowed by law in amounts according to proof at trial; and

6         c.   Mary McQuinn has incurred and will continue to incur all past and future non-

7    economic damages allowed by law in amounts according to proof at trial.

8                           **THIRD CAUSE OF ACTION**

9                        **MEDICAL NEGLIGENCE: NIED**

10                 **[Plaintiff Michael McQuinn against all DEFENDANTS]**

11   38. Plaintiff Michael McQuinn re-alleges and incorporates by this reference all preceding

12   paragraphs of this Complaint as though set forth here in their entirety.

13   39. DEFENDANTS knew, or should have known, that negligence causing physical injury to

14   ████ and emotional injury to Mary would also cause severe mental and emotional injury,

15   distress, and suffering to Michael because:

16        a.   the physician-patient, and contractual, relationship between DEFENDANTS and

17   Mary McQuinn directly implicated Michael McQuinn's interests as Mary's husband and the

18   father of their unborn son, ████;

19        b.   the physician-patient, and contractual, relationship between DEFENDANTS and

20   Mary McQuinn also directly implicated the reproductive efforts of Mary and Michael McQuinn

21   in which Michael had a personal interest; and

22        c.   Michael McQuinn was a third-party beneficiary of Mary McQuinn's contract with

23   DEFENDANTS to provide all medical diagnosis, care, and treatment to Mary and ████

24   M████ in connection with Mary's pregnancy with, and labor and delivery of, ████

25   40. Based on the foregoing, DEFENDANTS owed a duty to Michael McQuinn to use the

26   proper degree of skill, knowledge and care in their medical diagnosis, care and treatment of

27   Mary and ████ M████ in connection with Mary's pregnancy with, and labor and delivery of,

28   ████ to avoid negligently inflicting physical injury upon ████ and emotional injury on Mary,

Emison Hullverson LLP
ATTORNEYS AT LAW

                                    8
                              COMPLAINT

1    and thereby avoid negligently inflicting emotional injury on Michael.

2        41. Based on the foregoing, DEFENDANTS negligently breached the duty of care they owed

3    to Michael McQuinn.

4        42. DEFENDANTS' negligence was a substantial factor in causing harm to Michael

5    McQuinn.

6        43. Specifically, and without limitation, as a direct and proximate result of DEFENDANTS'

7    negligent acts, conduct, and omissions:

8            a.   Michael McQuinn suffered and continues to suffer severe emotional distress;

9            b.   Michael McQuinn has incurred, and will continue to incur, all past and future

10   economic damages allowed by law in amounts according to proof at trial; and

11           c.   Michael McQuinn has incurred and will continue to incur all past and future non-

12   economic damages allowed by law in amounts according to proof at trial.

13                          **FOURTH CAUSE OF ACTION**

14                              **LOSS OF CONSORTIUM**

15                   **[Plaintiff Mary McQuinn against all DEFENDANTS]**

16       44. Plaintiff Mary McQuinn re-alleges and incorporates by this reference all preceding

17   paragraphs of this Complaint as though set forth here in their entirety.

18       45. As a further direct and proximate result of DEFENDANTS' negligent acts, conduct, and

19   omissions and the resulting emotional injury to her husband Michael McQuinn, Plaintiff Mary

20   McQuinn suffered the past and future loss of all elements of her husband's consortium, all to her

21   damage in amounts according to proof at trial.

22                          **FIFTH CAUSE OF ACTION**

23                              **LOSS OF CONSORTIUM**

24                  **[Plaintiff Michael McQuinn against all DEFENDANTS]**

25       46. Plaintiff Michael McQuinn re-alleges and incorporates by this reference all preceding

26   paragraphs of this Complaint as though set forth here in their entirety.

27       47. As a further direct and proximate result of DEFENDANTS' negligent acts, conduct, and

28   omissions and the resulting emotional injury to his wife Mary McQuinn, Plaintiff Michael

1  McQuinn suffered the past and future loss of all elements of his wife's consortium, all to his

2  damage in amounts according to proof at trial.

3  ## PRAYER FOR RELIEF

4  WHEREFORE, PLAINTIFFS pray for judgment against DEFENDANTS, and each of

5  them, jointly and severally, as follows:

6  **First Cause of Action: Medical Negligence (▮▮▮ M▮▮▮▮):**

7  1. For past and future economic damages according to proof trial;

8  2. For past and future non-economic damages according to proof at trial;

9  3. For costs of suit;

10  4. For pre-judgment interest as allowed by law; and,

11  5. For such other and further relief as the Court deems just and proper.

12  **Second Cause of Action: Medical Negligence / NIED (Mary McQuinn):**

13  1. For past and future economic damages according to proof trial;

14  2. For past and future non-economic damages according to proof at trial;

15  3. For costs of suit;

16  4. For pre-judgment interest as allowed by law; and,

17  5. For such other and further relief as the Court deems just and proper.

18  **Third Cause of Action: Medical Negligence / NIED (Michael McQuinn):**

19  1. For past and future economic damages according to proof trial;

20  2. For past and future non-economic damages according to proof at trial;

21  3. For costs of suit;

22  4. For pre-judgment interest as allowed by law; and,

23  5. For such other and further relief as the Court deems just and proper.

24  **Fourth Cause of Action: Loss of Consortium (Mary McQuinn):**

25  1. For past and future economic damages according to proof trial;

26  2. For past and future non-economic damages according to proof at trial;

27  3. For costs of suit;

28  4. For pre-judgment interest as allowed by law; and,

10

Emison Hullverson LLP
ATTORNEYS AT LAW

5. For such other and further relief as the Court deems just and proper.

**Fifth Cause of Action: Loss of Consortium (Michael McQuinn):**

1. For past and future economic damages according to proof trial;

2. For past and future non-economic damages according to proof at trial;

3. For costs of suit;

4. For pre-judgment interest as allowed by law; and,

5. For such other and further relief as the Court deems just and proper.

Dated: January 14, 2014                    EMISON HULLVERSON LLP

By: _____
Theo J. Emison III
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on their causes of action against DEFENDANTS.

Dated: January 14, 2014                    EMISON HULLVERSON LLP

By: _____
Theo J. Emison III
Attorney for Plaintiffs

11
COMPLAINT